```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DE LAGE LANDEN FINANCIAL      :     CIVIL ACTION
SERVICES, INC.                :
                              :
          v.                  :
                              :
MIRAMAX FILM CORP. and MWB    :
COPY PRODUCTS, INC.           :     NO. 06-2319
```

MEMORANDUM AND ORDER

McLaughlin, J.                                January 30, 2009

On June 2, 2006, De Lage Landen Financial Services, Inc. ("DLL") instituted this action against Miramax Film Corp. ("Miramax"). Miramax subsequently filed third-party claims against MWB Copy Products, Inc. ("MWB"). DLL then brought additional claims against MWB. On September 23, 2008, this Court issued a Memorandum and Order, in which it ruled on the parties' various claims against one another. See De Lage Landen Fin. Servs. v. Miramax Film Corp., No. 06-2319, 2008 WL 4348074 (E.D. Pa. Sept. 23, 2008). The Court found in favor of Miramax on all of DLL's claims against it, on its declaratory judgment claims against DLL and MWB, and on its fraud claim against MWB. The Court also found for DLL on DLL's breach of contract and breach of warranty claims against MWB, but against DLL on its fraud claim against MWB.

On November 18, 2008, DLL and MWB submitted a joint stipulation to the Court, in which they stated that they had

entered a confidential agreement under which MWB had purchased any and all rights that DLL might have against Miramax in this action.  Thus, in the event of any further action in this case, MWB would represent not only its own interest, but also any remaining interest of DLL.

On December 15, 2009, MWB filed a Motion for Substitution as Plaintiff pursuant to Rule 25 of the Federal Rules of Civil Procedure.  In its motion, MWB asked that it be allowed to replace DLL as the plaintiff in this action, in light of DLL's and MWB's joint stipulation.  Because MWB has not shown that the substitution it requests would facilitate the conduct of this case, the Court will deny its motion.

Rule 25 of the Federal Rules of Civil Procedure provides that "[i]f an interest [in a case] is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  This Rule does not alter the substantive rights of the parties, but rather, is "merely a procedural device designed to facilitate the conduct of a case."  Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71-72 (3d Cir. 1993).

The decision whether to make a substitution pursuant to Rule 25 lies within the discretion of the district court.  Id. at 72.  By its very terms, Rule 25 does not require substitution

upon a transfer of interest.  Id. at 71; see also Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg., Inc., 2 F.3d 493, 506 (3d Cir. 1993) (quoting 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1958, at 555 (2d ed. 1986)). Instead, a substitution under Rule 25 is appropriate when a district court, in the exercise of its discretion, finds that such substitution would facilitate the conduct of a case. Luxliner, 13 F.3d at 71-72.  If the court does not make such a finding, Rule 25 allows the case to be continued against the original party, and any judgment will be binding on the successor in interest, even if the successor is not named in the lawsuit. Id. at 71.[1]

---

[1] Miramax has raised some concern over whether MWB can properly be considered a "transferee in interest," as MWB claims to be, because the terms of the confidential agreement between DLL and MWB have not been revealed, not even in redacted form. Miramax Opp. 2-3.  In Luxliner, the Third Circuit held that a district court cannot decide the factual issue of whether a party is actually a transferee in interest where competing affidavits focus on an issue of material fact (e.g., in Luxliner, whether a de facto merger had actually occurred between the original defendant and an alleged corporate successor in interest).  The Court would first have to determine that there is no genuine issue of material fact, and that the moving party would be entitled to substitution as a matter of law.  In the absence of such a ruling, the Court would have to hold an evidentiary hearing.  See Luxliner, 13 F.3d at 72-73.  Although there are not "competing" affidavits in this case – i.e., only MWB has submitted an affidavit – the Court still need not resolve the issue of whether MWB is properly considered a transferee in interest, as a matter of law or otherwise.  Even if MWB is a transferee in interest, the Court will not grant its motion.  The Court therefore need not address this issue further.

MWB and DLL have filed a joint stipulation with the Court, which states that "[n]otwithstanding the conclusions set forth in the [Court's September 23, 2008] Order, to avoid the significant costs associated with further litigation and appeals, the Parties have entered into a confidential agreement by which MWB has purchased any and all rights DLL may have against Miramax in this action." See Docket No. 95 ¶ 2. Even assuming that the agreement between MWB and DLL validly transfers all of DLL's interest in this case to MWB, Rule 25 does not obligate the Court to make the substitution requested, especially where, as here, MWB has not shown how such a substitution would facilitate the conduct of this case.

For example, it is not the case here, as it was in Luxliner, that the Court must consider whether the presence of some additional nonparty would expedite the proceedings. See Luxliner, 13 F.3d at 71. Rather, as Miramax points out, no new parties are introduced by MWB's motion. Miramax Opp. 4. Nor would substitution avoid the need for any party to refile old claims or to file any new ones, especially at this stage of the proceedings, where the Court has already ruled on the parties' claims against one another. Moreover, DLL and MWB are separate legal entities, and in fact were adversaries in these proceedings before the filing of their joint stipulation. To the extent that either MWB or DLL might fail to comply with the terms of the

4

confidential agreement between them, thus potentially interfering with MWB's representation of DLL's interest in this case, additional proceedings might be required to reintroduce DLL as a party to the case, should DLL's appearance become necessary.

If, on the other hand, MWB and DLL do abide by the terms of their agreement, and MWB effectively assumes DLL's interest in this case as its successor in interest, Rule 25 still permits the case to be continued with DLL as a party, and any future judgment issued against DLL would be binding on MWB in any event.[2]  At this time, however, the Court sees no advantage to the conduct of this case offered by the substitution MWB has suggested.  MWB's motion is therefore denied.

An appropriate Order follows.

---

[2] Providing, of course, that a court later makes a ruling that MWB is properly considered a transferee in interest, which this Court does not do for the purposes of this motion.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DE LAGE LANDEN FINANCIAL        :      CIVIL ACTION
SERVICES, INC.                  :
                                :
          v.                    :
                                :
MIRAMAX FILM CORP. and MWB      :
COPY PRODUCTS, INC.             :      NO. 06-2319
```

ORDER

AND NOW, this 30th day of January, 2009, upon consideration of the Motion for Substitution as Plaintiff filed by MWB Copy Products, Inc. (Docket No. 100), and the opposition thereto filed by Miramax Film Corp. (Docket No. 101), IT IS HEREBY ORDERED that said motion is DENIED, for the reasons stated in the accompanying memorandum of law dated January 30, 2009.


                                BY THE COURT:


                                /s/ Mary A. McLaughlin
                                MARY A. McLAUGHLIN, J.